UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEBORAH E. BARTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:08CV206 |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on two motions for summary judgment filed by the defendant, Safeco Insurance Company of Illinois ("Safeco"). On July 15, 2009, Safeco filed a motion for partial summary judgment on the plaintiff's claims for bad faith and punitive damages. The plaintiff, Deborah E. Barton ("Barton"), filed her response on August 10, 2009, to which Safeco replied on September 1, 2009.

On July 20, 2009, Safeco filed a motion for summary judgment on the remainder of Barton's claims. Barton responded to the motion on August 12, 2009, to which Safeco replied on September 9, 2009.

Also before the court are two evidentiary motions filed by Safeco. On July 20, 2009, Safeco filed a motion to exclude plaintiff's expert witness. Barton replied to the motion on August 12, 2009, to which Safeco replied on September 1, 2009. On September 1, 2009, Safeco filed a motion to strike certain facts designated by plaintiff in her response to the motions for summary judgment. Barton has declined to file a response to this motion.

For the following reasons, all of Safeco's motions will be granted.

Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. Fitzpatrick v. Catholic Bishop of Chicago, 916 F.2d 1254, 1256 (7th Cir. 1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Id. In Re Matter of Wildman, 859 F.2d 553, 557 (7th Cir. 1988); Klein v. Ryan, 847 F.2d 368, 374 (7th Cir. 1988); Valentine v. Joliet Township High School District No. 204, 802 F.2d 981, 986 (7th Cir. 1986). No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party." Juarez v. Ameritech Mobile Communications, Inc., 957 F.2d 317, 322 (7th Cir. 1992)(quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

Initially, Rule 56 requires the moving party to inform the court of the basis for the

motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, Celotex, 477 U.S. at 323. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. Goka v. Bobbitt, 862 F.2d 646, 649 (7th Cir. 1988); Guenin v. Sendra Corp., 700 F. Supp. 973, 974 (N.D. Ind. 1988); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir.), cert. denied, 464 U.S. 960 (1983).

So that the district court may readily determine whether genuine issues of material fact exist, under Local Rule 56.1, the moving party is obligated to file with the court a "Statement of Material Facts" supported by appropriate citation to the record to which the moving party contends no genuine issues exist. In addition, the non-movant is obligated to file with the court a "Statement of Genuine Issues" supported by appropriate citation to the record outlining all material facts to which the non-movant contends exist that must be litigated. See, Waldridge v. American Hoechst Corp. et al., 24 F.3d 918 (7th Cir. 1994). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. Anderson, 477 U.S. at 249-251, 106 S.Ct. at 2511. Furthermore, in determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1

Substantive law determines which facts are material; that is, which facts might affect the

outcome of the suit under the governing law. Anderson, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. Id. The issue of fact must be genuine. Fed. R. Civ. P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586; First National Bank of Cicero v. Lewco Securities Corp., 860 F.2d 1407, 1411 (7th Cir. 1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Id. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-252. Finally, the court notes that, "[i]t is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained" and in such cases summary judgment is appropriate. Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983).

## Discussion

This case arises from a motor vehicle accident that occurred on August 22, 2005. Barton alleges that at that time, she was heading northbound on a private road inside the property of Wolf Lake Terminals in Hammond, Indiana. She further alleges that, at the time of the accident, Andres Rodriguez ("Rodriguez"), was heading southbound on the same private road. According to Barton, Rodriguez was driving an underinsured motor vehicle. Barton was insured by Safeco under a policy of insurance, and alleges that Safeco negligently, recklessly, and wantonly refused to comply with its contractual obligation to negotiate, compromise, deal in good faith and otherwise pay or compromise the uninsured and/or underinsured motorist benefits.

4

Barton testified during her deposition that she was heading back to work from her lunch break when the accident occurred. Although she disagreed, Barton acknowledged that the police report indicated that her vehicle was entirely in Rodriguez's lane of travel at final rest. (Barton Dep. at 61-62). Barton was unable to exit her vehicle after the accident and thus made no observation at the scene. (Barton Dep. at 70).

According to Rodriguez, he was headed home during his lunch break when the accident occurred. He stopped before making his right hand turn to head southbound, when he was struck by Barton. (Rodriguez Dep. at 21). When the impact occurred, Rodriguez was halfway into his right-hand turn (Rodriguez Dep. at 21). The front of Barton's vehicle struck the front driver's side of Rodriguez' vehicle. (Rodriguez Dep. at 24). When Rodriguez first saw Barton's vehicle, she was already coming towards him. (Rodriguez Dep. at 28). According to Rodriguez, Barton was not in her lane of travel when the impact happened. (Rodriguez Dep. at 34).

Officer Matthew Lloyd Jones of the Hammond Police Department investigated this accident and was deposed on March 6, 2009 with regard to his investigation and the Indiana Officer's Standard Crash Report that he generated from this incident. According to Officer Jones, Barton's vehicle was observed at final rest entirely within Rodriguez' lane of travel, with no part of Rodriguez' vehicle in Barton's lane of travel. (Jones Dep. at 9). Officer Jones indicated that the primary cause of the collision was improper turning which he attributed to Barton. (Jones Dep. at 11). Officer Jones also determined that Rodriguez did not act or fail to act in any way that contributed to the collision. (Jones Dep. at 12).

Stephen Neese was retained as an expert for Barton, and issued a written report on April

27, 2009. Safeco has filed a motion to exclude Neese's opinions.

Neese's report contains all of his opinions in this case and attaches seven exhibits. (Neese Dep. at 4). Neese's first opinion is that Rodriguez's account of the collision from his September 19, 2007 deposition is inconsistent with the physical evidence. Specifically, Neese found inconsistent Rodriguez's testimony that he was six feet past the fence when the accident occurred and also that he was stopped at the time of impact. Neese's second opinion is that the physical evidence in this case is consistent with the Rodriguez vehicle making a wide and illegal right turn and turning into Barton as she was making her left turn.

Neese used software program and animation to map out how a vehicle would make a left run on the particular road in question here. However, Neese did not put any information into the computer program to make the arc, or path, the vehicle would travel while turning. (Neese Dep. at 82). Thus, Safeco argues that since Neese used no expertise, scientific analysis, calculations, computer software, scientific methodologies or any other specialized knowledge in order to place the diagram of vehicles on the roadway diagram, that his opinions are not admissible.

Neese further testified that he made certain assumptions about where Barton may have turned her vehicle, one of which was that Barton stopped behind the tractor-trailer semi and then after the semi began to move forward and begin its turn, Barton pulled straight forward some distance before she began to turn the vehicle. (Neese Dep. at 23-24). However, Barton testified on January 27, 2008 that she did not pull forward after the semi made its turn before making her turn. (Barton Dep. at 48). Specifically, Barton testified that when she stopped behind the semi truck, she was already in position to make her left-hand turn. (Barton Dep. at 48).

The requirements regarding admissibility of expert testimony have been established by

6

Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in <u>Daubert v. Merrell Dow Pharms. Inc.</u>, 113 S. Ct. 2786 (1993). Presently, Rule 702 has superseded the decision in <u>Daubert</u>, yet the standard of review established for <u>Daubert</u> challenges remains appropriate. <u>United States v. Parra</u>, 402 F.3d 752, 758 (7th Cir. 2005). Accordingly, expert testimony is admissible in a court of law as set forth by Rule 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

<u>Daubert</u> laid the foundation for this rule establishing the district court's role as a "gatekeeper." <u>Daubert</u>, 509 U.S. at 589. In the court's role as a gatekeeper, it must weigh both the reliability as well as the relevance of the proffered evidence. <u>Kumho Tire Corp. v. Carmichael</u>, 526 U.S. 137 (1999). More specifically, courts must consider whether 1) the expert will be testifying to scientific knowledge that is valid, and 2) whether that testimony will, in fact, aid the trier of fact in the understanding of or in determining a fact in issue. <u>Daubert</u>, 509 U.S. at 592; <u>Smith v. Ford Motor Co.</u>, 215 F.3d 713, 718 (7th Cir. 2000)(holding that "the district court must consider whether the testimony will assist the trier of fact with its analysis of any of the issues involved in the case").

To help determine reliability, courts use four non-exclusive factors: "1) the extent to which the theory has been or can be tested; 2) whether the theories have been subjected to peer review and/or publication; 3) the theories' known or potential rate of error; and 4) the general

acceptance of the theory in the relevant scientific or professional community." Pizel v. Monaco Coach Corp., 374 F. Supp.2d 653, 656 (N.D. Ind. 2005). To test for relevance, the question is whether the fact finder will be helped by the expert testimony, either in understanding the evidence or in determining a fact at issue in the case – overall, the testimony given must "fit" the issue presented in the case, and about which the expert is testifying. Porter v. Whitehall Lab, 9 F.3d 607, 616 (7th Cir. 1993).

Furthermore, in Kumho Tire Co., the Supreme Court held that this particular inquiry as to relevance and reliability must be taken in all matters that relate to expert testimony and not just those containing scientific testimony. 526 U.S. at 149. It is the duty of the courts to determine whether an expert is qualified in the applicable field and also whether the methodology behind the expert's conclusion is reliable. Pizel v. Monaco Coach Corp., 374 F. Supp.2d 653, 655 (N.D. Ind. 2005). It is not necessary for a witness to put forth testimony in a scientific or technical manner in order to be considered an expert. Id. As long as the experience and knowledge of the expert is reliable, an expert can be qualified to testify based upon that personal experience and knowledge. Id. Nonetheless, offering merely a bottom line conclusion is not considered assistance to the trier of fact and should not be admitted. Id. Moreover, it is not up to the court to determine the correctness of the expert's opinions. Smith, 215 F.3d at 719. Rather, it is up to the trier of fact to determine the factual underpinnings of the analysis as well as the correctness of the conclusions. Id. at 718.

Safeco argues that Neese's testimony should not be presented to the trier of fact because these opinions have been arrived at based on unreliable methodology or no methodology at all. Specifically, Safeco contends that Neese's opinion that Rodriguez's version of the accident is

inconsistent with the physical evidence is inadmissible since Neese does not use any analysis or specialized knowledge to assist the trier of fact as to any issue in this case. As noted, the key issue with respect to this case is the location of the parties' vehicles at the time of the collision. Both Barton and Rodriguez have given deposition testimony that their respective vehicles were not in the wrong location at the time of the collision. However, it is undisputed that Barton's vehicle was found entirely in Rodriguez's lane of travel at final rest. On this point, Barton has retained the services of Neese to testify. Safeco, however, argues that Neese's opinions are not based on any scientific methodology or specialized knowledge required in order for an expert opinion to be admissible. Safeco points out that Neese did not utilize any calculation, analysis, computer software, or science to arrive at his opinions stated in his April 27, 2009 report. Safeco claims that all that Neese did in arriving at his opinion was to place the vehicles at first contact on a diagram using a satellite image of the scene of the accident "visually" based on each witnesses testimony with regard to how the accident occurred. Neese had admitted that in placing the decals of the vehicles on the diagrams that he is only doing so visually based on each of the witnesses' testimony. Safeco thus concludes that Neese has done nothing in arriving at his opinion as to the location of the vehicles at the time of impact that the jury could not do based on the parties' versions of how the accident occurred. (See Neese Dep. at 17, 20).

According to his deposition, Neese's opinion is that the vehicles made impact at the location listed in Exhibit 5 to his report, which he believed was consistent with Barton's version of how the accident occurred. Safeco claims that Neese did not use accident reconstruction in moving from Exhibit 3 of his report to either Exhibit 4 or Exhibit 5. In fact, Neese admits he made no calculations in generating Exhibits 4 or 5 and that the placements shown therein were

based on his own vision perceived from the testimony of Rodriguez and Barton.

Neese states in his opinion that Rodriguez's account of the collision is inconsistent with the physical evidence, yet Neese also states that there is no physical evidence in this case. (Neese Dep. at 83). In fact, all Neese did was to place the vehicles on the diagram based on the information provided by the witnesses. Safeco argues that the jury can easily do this without Neese's assistance. Safeco concludes that since Neese did not go through any analysis or testing to arrive at his opinion regarding the location of the vehicles before the collision, his opinion that Rodriguez's version of the incident is inconsistent with the physical evidence is not admissible.

Safeco next argues that Neese's opinion that the physical evidence in this case is consistent with the Rodriguez vehicle making a wide and illegal right hand turn into Barton as she was making her left turn is inadmissible since Neese does not use any analysis or specialized knowledge to assist the jury in its deliberation as to any issue in this case. Safeco points out that Neese simply concludes that Rodriguez must have braked hard prior to the impact in order to have left the mark on Barton's vehicle. However, Neese fails to explain how the degree of Rodriguez's turn or the speed at which he was traveling had any effect on where on the roadway the accident occurred, which is the issue in this case.

Neese further testified that in his analysis, he made certain assumptions about where Barton may have turned her vehicle, one of which was that Barton stopped behind the tractor trailer semi and then after the semi began to move forward and begin its turn, Barton pulled straight some distance before she began to turn her vehicle. (Neese Dep. at 23, 24). However, Barton testified on January 27, 2008 that she did not pull forward after the semi made its turn before making her turn. (Barton Dep. at 48). Barton specifically testified that when she stopped

behind the semi truck, she was already in position to make her left-hand turn. Clearly, Neese's testimony is not based on accident reconstruction, and is also based on assumptions he made that are in direct conflict with Barton's deposition testimony. This court agrees with Safeco that Neese's opinion is unreliable and will not assist the trier of fact. Thus, the motion to strike will be granted.

In support of its summary judgment motion, Safeco argues that the designated evidence shows that the impact between Barton and Rodriguez's vehicles occurred in Rodriguez's lane of travel, indicating that there was no breach of duty by Rodriguez and that Rodriguez did not cause Barton's claimed injuries.

To recover under a theory of negligence, a plaintiff must establish these elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately caused by the breach. McDonald v. Lattire, 844 N.E.2d 206, 212-13 (Ind. App. 2006). Furthermore, in the context of a driver's duty of care at an intersection, a preferred driver has the right to assume that the non-preferred driver will obey the traffic laws, and is not required to proceed overly cautiously into an intersection and to be cognizant of everything in plain view. Id. at 213

Thus, to recover on a breach of contract claim against Safeco for failing to provide underinsured motorist coverage, Barton must show that Rodriguez was at fault for the August 22, 2005 collision. Safeco contends that she is unable to do so in this case because the designated evidence negates the possibility that Rodriguez breached a duty to Barton, an element

11

which is necessary in order for Barton to maintain her cause of action. Safeco argues more specifically that the testimony in this case has been that the impact occurred in Rodriguez's lane of travel, creating the only reasonable inference that Barton crossed the center line into Rodriguez's lane of travel and thus breaching a duty to Rodriguez. Barton has acknowledged that the police report indicated that her vehicle was entirely in Rodriguez' lane of travel at final rest. Barton was not able to get out of her vehicle after the accident, therefore she is unable to provide any competent testimony with regard to where the impact occurred. Additionally, Rodriguez testified that when he first saw Barton's vehicle, she was already coming towards him. When the impact occurred, Rodriguez was halfway into his right-hand turn and the front of Barton's vehicle struck the front driver's side of Rodriguez' vehicle. According to Rodriguez, Barton was not in her lane of travel when the impact happened.

As noted, the police officer who investigated the accident and generated the Indiana Officer's Standard Crash Report, Office Matthew Jones of the Hammond Police Department, indicated that Barton's vehicle was observed at final rest entirely within Rodriguez's lane of travel and that no part of Rodriguez's vehicle was found to be in Barton's lane of travel. Officer Jones indicated that the primary cause of the collision was improper turning which he attributed to Barton. Officer Jones also determined that Rodriguez did not act or fail to act in any way that contributed to the collision.

Safeco concludes that the undisputed evidence in this case is that Barton crossed the center line and entered into Rodriguez's lane of travel. Safeco contends that there is no inference that can be made that Barton did not cross over into Rodriguez's lane of travel, thus the designated evidence is that there was no breach of duty by Rodriguez or that Rodriguez caused

Barton's injuries.

Safeco has noted that Barton has failed to designate any evidence showing that Rodriguez caused the accident[1]. In her response, Barton states, without support to the record, that Rodriguez ran a stop sign. As Safeco notes, there is no evidence in the record to support such an assertion. As Barton must show that Rodriguez was at fault for the accident to pursue any of her claims against Safeco, Safeco concludes that its motions for summary judgment must be granted.

Again, this court agrees with Safeco. The record is simply bereft of any evidence supporting a claim against Safeco. There is no evidence that Rodriguez caused the accident and breached a duty to Barton, thus she has failed to present any evidence showing that Safeco breached its contract to provide underinsured motorist coverage. In the absence of the showing of a breach of contract, Barton cannot prevail on her bad faith or punitive damages claims. Accordingly, both of Safeco's motions for summary judgment must be granted.

Conclusion

Based on the foregoing, Safeco's motion for partial summary judgment on Barton's claims for bad faith and punitive damages [DE 24] is hereby GRANTED. Further, Safeco's

---

[1] Barton has submitted a December 22, 2005 letter from Safeco's claim representative, John Crawford, to Rodriguez's insurer, State Farm, stating, "Our investigation of the loss has been completed and we have found that your driver, Andres Rodriguez was the proximate cause of the accident." Safeco has moved to strike this letter on the grounds that it was written during settlement negotiations, and also has not been authenticated by Crawford. Barton has not contested Safeco's motion to strike and the court finds that the motion is well-taken and thus it will be granted.

motion for summary judgment [DE 30] is also hereby GRANTED.

Additionally, Safeco's motion to exclude or limit testimony of Barton's expert witness [DE 27], and Safeco's motion to strike evidence designated by Barton in response [DE 44] are also hereby GRANTED.

Entered: October 29, 2009.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court